UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MARTIN LEVIN, individually and
on behalf of all others similarly situated,

        Plaintiff,        **CLASS ACTION**

v.        **DEMAND FOR JURY TRIAL**

NATIONAL RIFLE ASSOCIATION OF AMERICA,

        Defendant,
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO 47 U.S.C. § 227 *ET SEQ*.
(TELEPHONE CONSUMER PROTECTION ACT)**

Plaintiff Martin Levin ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action for statutory damages, injunctive relief, and other legal and equitable remedies, resulting from the illegal actions of the National Rifle Association of America (hereinafter referred to as "NRA") in negligently, knowingly, and/or willfully contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Defendant has violated the TCPA by contacting Plaintiff and Class Members on their cellular telephones for non-emergency purposes via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an

artificial or prerecorded voice" as described in 47 U.S.C. §227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

3. This Court has personal jurisdiction over the NRA because it conducts its non-profit corporate activities in the State of Florida, and thus has purposefully availed itself to the resources and protection of the State of Florida.

4. Venue is proper in the United States District Court for the Southern District of Florida because the violation which gives rise to this action occurred in this district, and because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## PARTIES

5. Plaintiff Martin Levin is, and at all times mentioned herein was, an individual citizen of the State of Michigan, who resides in West Bloomfield, Michigan, and who received an illegal call from the NRA when he was in this District.

6. The NRA is a not-for-profit corporation registered under the laws of the State of New York and licensed to do business in the State of Florida. Its corporate headquarters is located in Fairfax, Virginia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."

9. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

11. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

12. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* FCC Declaratory Ruling, Memorandum and Order, 10 FCC Rcd. 12391, 12397 (¶ 13) (1995).

13. On February 15, 2012, the FCC released a Declaratory Ruling wherein it clarified that a party must obtain prior express consent from the recipient prior to making automated

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

1130828.9

telemarketing calls to the recipient's cellular telephone where such calls are made "by or on behalf of tax-exempt non-profit organizations" and/or "for political purposes."[3]

## FACTUAL ALLEGATIONS

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Plaintiff, while a permanent resident of West Bloomfield, Michigan, frequently spends a time in South Florida, where some of his family members live.

16. In late September, 2014, while spending time with his family in Florida, Plaintiff received a telephone call to his cell phone from telephone number (703) 988-6387. Plaintiff did not pick up the call, but a pre-recorded message was left on his voicemail.

17. When Plaintiff returned the call, he heard a pre-recorded voice message stating:

> Thank you for calling the National Rifle Association. We're very sorry we missed you. We were calling you with some recent updates, and we will try to reach you again within a few days. If you would like additional information about the National Rifle Association, please press one now.

18. Plaintiff has received additional calls from the same telephone number. In all cases, Plaintiff received the same pre-recorded voicemail.

19. Plaintiff is not, and has never been, a member of the NRA. At no time did Plaintiff provide consent to receive calls from the NRA.

20. NRA is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39)

---

[3] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2012 FCC Declaratory Ruling"), 27 F.C.C.R. 1830, 27 FCC Rcd. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (Feb, 15, 2012), at ¶ 3.

21. On information and belief, all telephone contact by the NRA to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

22. The telephone number that the NRA called to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

23. On information and belief, the NRA made the telephone calls to Plaintiff and those similarly situated for the purpose of promoting its non-profit corporate mission and message and/or for political purposes.

24. NRA's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

25. NRA's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the NRA to demonstrate that Plaintiff and all class members provided their prior express consent within the meaning of the statute.[4]

## CLASS ACTION ALLEGATIONS

27. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

---

[4] *See* 2008 FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

28. Plaintiffs bring this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23.

29. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from the NRA, when they were not, at the time of the call, a member of the NRA, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class.

30. Excluded from the Class are the NRA, and any entities in which the NRA has a controlling interest, the NRA's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

31. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the thousands.

32. Plaintiffs and all members of the Class have been harmed by the acts of the NRA.

33. This Class Action Complaint seeks injunctive relief and money damages.

34. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

35. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. Further, the Class can be identified easily through records maintained by the NRA and/or their telemarketing agents.

37. There are well defined, nearly identical, questions of law and fact affecting all parties.

38. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

39. Such common questions of law and fact include, but are not limited to, the following:

   a. Whether the NRA used an automatic telephone dialing system in making non-emergency calls to Class members' cell phones;

   b. Whether the NRA used an artificial or prerecorded voice in its non-emergency calls to Class members' cell phones;

   c. Whether the NRA can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

   d. Whether the NRA's conduct was knowing and/or willful;

   e. Whether the NRA is liable for statutory damages; and

   f. Whether the NRA should be enjoined from engaging in such conduct in the future.

40. As a non-NRA member who received non-emergency telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member who also received such phone calls.

41. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

42. Plaintiff has no interests which are antagonistic to any member of the Class.

43. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

44. A class action is the superior method for the fair and efficient adjudication of this controversy.

45. Classwide relief is essential to compel the NRA to comply with the TCPA.

46. The interest of the Class members in individually pursuing claims against the NRA is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the NRA from engaging in the same behavior in the future.

47. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members may be determined by objective criteria.

48. The NRA has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

49. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.**

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

51.     The foregoing acts and omissions of the NRA constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

52.     As a result of the NRA's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

53.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the NRA's violation of the TCPA in the future.

54.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

55.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

56.     The foregoing acts and omissions of the NRA constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

57.     As a result of the NRA's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

58.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the NRA in the future.

59. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against the NRA:

A. Injunctive relief prohibiting such violations of the TCPA by the NRA in the future;

B. As a result of the NRA's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

C. As a result of the NRA's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

| | |
|---|---|
| Dated: November 6, 2014 | By: s/James D. Sallah<br>James D. Sallah<br>Florida Bar No. 0092584<br><br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Jonathan D. Selbin (*pro hac vice* to be filed)<br>Email:  jselbin@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, NY  10013<br>Telephone:  (212) 355-9500<br>Facsimile:  (212) 355-9592<br><br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Daniel M. Hutchinson (*pro hac vice* to be filed)<br>Email:  dhutchinson@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, California  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008<br><br>MEYER WILSON CO., LPA<br>Matthew R. Wilson (*pro hac vice* to be filed)<br>Email:  mwilson@meyerwilson.com<br>Michael J. Boyle, Jr. (*pro hac vice* to be filed)<br>Email:  mboyle@meyerwilson.com<br>1320 Dublin Road, Ste. 100<br>Columbus, Ohio 43215<br>Telephone:  (614) 224-6000<br>Facsimile:  (614) 224-6066<br><br>SALLAH ASTARITA & COX, LLC<br>James D. Sallah<br>Florida Bar No. 0092584<br>Email: jds@sallahlaw.com<br>Jeffrey L. Cox<br>Florida Bar No. 0173479<br>Email: jlc@sallahlaw.com<br>2255 Glades Road, Ste. 300E<br>Boca Raton, Florida 33431<br>Telephone: (561) 989-9080<br>Facsimile: (561) 989-9020<br><br>*Attorneys for Plaintiff and the Proposed Class* |

- 11 -